**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MIGUEL KOLMAR ALEXANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )        No. 4:23-cv-1468-RHH |
| | ) |
| | ) |
| DEPARTMENT OF THE ARMY – | ) |
| ARMY BOARD FOR CORRECTION OF | ) |
| MILITARY RECORDS (ABCMR), and | ) |
| COL MC ARBA SENIOR MEDICAL | ) |
| ADVISOR, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

*Pro se* Plaintiff Miguel K. Alexander ("Plaintiff"), a retired Army veteran, brings suit

against Defendants Department of the Army – Army Board for Correction of Military Records

("ABCMR") and Col. MC ARBA Senior Medical Advisor ("Senior Medical Advisor")

(collectively "Defendants"). Plaintiff was discharged from the Army in 1981 following an injury

in the line of duty, and he alleges he never received a thorough medical evaluation that would have

proven he was unfit and unable to perform his duties due to his injuries. Plaintiff applied to the

ABCMR to ask that his military record be changed to reflect a medical discharge. Defendants

denied his application and have denied his requests for reconsideration, and he now seeks judicial

review.[1]

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended

Complaint. (ECF No. 31.) The motion is fully briefed and ripe for disposition. For the reasons set

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (ECF No. 14).

forth below, Defendants' motion to dismiss is granted in part, as to any claims by Plaintiff under

the Tucker Act and claims against Defendant Col. MC ARBA Senior Medical Advisor, and denied

in part, as to any claims by Plaintiff for judicial review under the Administrative Procedure Act.

## I.   BACKGROUND

### A.  Factual Allegations

For purposes of the motion to dismiss, all facts alleged in the Second Amended Complaint

are accepted as true and viewed in the light most favorable to Plaintiff. *Waters v. Madson,* 921 F.3d

725, 734 (8th Cir. 2008). The allegations below are set forth in the Second Amended Complaint

(SAC) unless otherwise cited.

Plaintiff served in the United States Army. On or about October 28, 1980, Plaintiff was

injured in the line of duty while stationed at Fort Bliss, Texas. Plaintiff suffered three hernias: a

left inguinal hernia, a right inguinal hernia, and an umbilical hernia. From October 28, 1980, until

his discharge on October 23, 1981, Plaintiff was ordered to work despite his unrepaired hernias.

Upon separation from the Army, Plaintiff's separation exam record "falsely documented"

only one of his three hernias. The separation exam record "noted his eyes were the only defects,"

and he was rated in the best of health, even though he was scheduled for surgery to repair his right

inguinal hernia on June 4, 1981. (ECF No. 31, ¶¶ 20-21.) Plaintiff contends that the findings of the

separation exam are inconsistent with the medical evidence, as the medical evidence substantiates

that Plaintiff was in bad health with three symptomatic hernia defects, that Plaintiff had multiple

health problems, and that Plaintiff was on a physical Temporary 3 profile with severe limitations.

Plaintiff alleges that the Army "used the falsified 8 May 1981 separation exam as evidence

under oath" at his discharge, and therefore Plaintiff was given no due process at his October 1,

1981 discharge board hearing. (*Id.* ¶¶ 16, 24.) Plaintiff was wrongly cleared for discharge based

on the falsified separation exam, and consequently, Plaintiff never received a thorough medical evaluation with the Medical Evaluation Board (MEB) that would have proven he was unable to perform his Military Occupational Specialty (MOS) due to his disabling hernias.

On October 23, 1981, Plaintiff was honorably discharged from the Army. Plaintiff states this discharge had no medical reasons for separation, despite Plaintiff having permanent bilateral inguinal hernia scars and an unrepaired umbilical hernia.

On October 2, 2014, Plaintiff filed his initial claim with Defendant Army Board for Correction of Medical Records (ABCMR). The ABCMR is a civilian body authorized "to correct any military record … when [it] considers it necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a)(1). The ABCMR's application is a one-page form questionnaire with limited space to provide answers. (*See* Def. Exh. A, ECF No. 35-1.) In response to the form question, "I request the following error or injustice in the record to be corrected," Plaintiff wrote: "Honorable Discharge corrected to Medical Discharge and Derogatory Language on my DD214 corrected to Appropriate Language to validate medical (see attached documents)." (Exh. A to MTD, ECF No. 35-1.)  In the section for "I believe the record to be in error or unjust for the following reasons," he wrote: "see attached documents."[2] (*Id.*) On June 11, 2015, Plaintiff's application was denied. Plaintiff contends that the ABCMR did not consider his diagnoses of three hernias, and did not consider the testimonies or other evidence in the medical records provided by Plaintiff.

In 2018, Defendant Col. MC ARBA Senior Medical Advisor stated Plaintiff's separation exam was unremarkable. The Senior Medical Advisor omitted Plaintiff's physical profiles in the report, did not consider the diagnoses of the three hernias, and did not consider the testimonies or other medical record evidence Plaintiff provided.

---

[2] Defendants attach Plaintiff's October 14, 2014 Application for Correction of Military Record as Exhibit A to their motion to dismiss, but do not include the "attached documents" referenced in the one-page form. (*See* ECF No. 35-1.)

On March 12, 2019, Plaintiff's application was denied again, and the ABCMR agreed with Defendant Col. MC ARBA Senior Medical Advisor's medical advisory opinion. Two months after this denial, the Deputy Assistant Secretary of the Army Francine C. Blackmon found sufficient evidence to grant relief. Accordingly, the incorrect narrative reason for separation of "Unsuitability-Apathy, defective attitude or inability to expend constructively" was changed to "Secretarial Authority." (Def. Exh. C, ECF No. 35-3.) Despite Plaintiff's attempts to contact Joseph "Pat" Lister, Director of ABCMR, Plaintiff did not receive documentation from Director Lister explaining Deputy Assistant Secretary Blackmon's decision to change his DD214.[3]

On April 27, 2021, ABCMR omitted hospitalization records in its report. Defendants conceded there were three hernias instead of just one, but the separation exam record was not corrected. Plaintiff did not receive this decision until a year later, in 2022.

In 2022 and 2023, additional attempts were made to show the Army Review Board Agency (ARBA) staff the "alarming discrepancies" in the May 8, 1981 military separation exam. However, in September 2023, Lister and another ARBA employee told Plaintiff "that he will have to take his case to Federal Court." (ECF No. 31 ¶ 47.)

Plaintiff's original Complaint asked the Court to "order defendants to correct [his] military records, grant full relief of disability separation back pay, and grant full relief medical retirement or medical separation…" (ECF No. 1 at 6.) Plaintiff's requested relief section of his Second Amended Complaint states that he amends his request for monetary relief to non-monetary, and he "is no longer asking for disability separation back pay, disability severance pay, and medical

---

[3] DD Form 214 is titled "Certificate of Release or Discharge from Active Duty." A DD-214 provides "an accurate and complete summation of active military personnel service" and serves as "an authoritative source of personnel information for administrative purposes, and for making enlistment or reenlistment eligibility determinations." *LaBonte v. United States*, 43 F.4th 1357, 1360 (Fed. Cir. 2022) (quoting Department of Defense Instruction ("DoDI") 1336.01 ¶ 4(a)).

retirement." (ECF No. 31 ¶¶ 50-52.) Instead, Plaintiff requests the Court "correct the medical separation exam record by changing the "Secretarial Authority" narrative reason for separation to "medically unable to continue with duty due to injuries sustained while actively serving" and "give a fair disability rating." (*Id.* ¶¶ 52-53.) Plaintiff also asks that "the Court present an Order before the Secretary of the Army and the Surgeon General of the U.S. Army to review and verify that the 8 May 1981 separation exam was falsified" and "to review and verify that the Plaintiff's symptomatic hernias were not evaluated by the Medical Evaluation Board (MEB)." (*Id.* ¶¶ 55-56.) Plaintiff also asks the Court to "grant reversal of the ABCMR's denial in 2021." (*Id.* ¶ 60.)

**B. Procedural History**

On November 17, 2023, Plaintiff filed a pro se Complaint using the Court's standard Civil Complaint form to set forth his claims. (ECF No. 1.) Defendants filed a motion to dismiss, raising several grounds for dismissal. (ECF No. 15.) The Court granted the motion in part due to a service of process issue, and ordered Plaintiff to properly serve either the original Complaint or a First Amended Complaint on Defendants. (ECF No. 20.) Plaintiff filed a First Amended Complaint (ECF No. 22), and Defendants again moved to dismiss (ECF No. 26). In response to the motion to dismiss, Plaintiff moved for leave to file a Second Amended Complaint (ECF No. 29), and the Court granted the motion (ECF No. 30).

On January 24, 2025, Plaintiff filed his Second Amended Complaint. (ECF No. 31.) Defendants timely filed the present motion to dismiss, and the motion is fully briefed. (ECF Nos. 34, 35, 37, 38, 42.)

## II.    LEGAL STANDARDS

### A.  Rule 12(b)(1) Motion to Dismiss

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure may challenge either the factual truthfulness or the facial sufficiency of the plaintiff's jurisdictional allegations. *Titus v. Sullivan,* 4 F.3d 590, 593 (8th Cir. 1993) (citing *Osborn v. United States,* 918 F.2d 724, 729 n. 6 (8th Cir. 1990)). "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Osborn,* 918 F.2d at 729 n. 6. (internal citations omitted). "In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Id.* at 730 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977)).

### B.  Rule 12(b)(6) Motion to Dismiss

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In the complaint, a plaintiff "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential

allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (quoted case omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* at 556. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678.

### C. *Pro Se* Considerations

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted). "Though pro se complaints are to be construed liberally ... they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004); *accord Sandknop v. Missouri Dep't of Corr.*, 932 F.3d 739, 741 (8th Cir. 2019); *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("Although we must liberally construe plaintiff's factual allegations ... we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded") (internal citation omitted).

> When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework. That is quite different, however, from requiring the district court to assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint.

*Stone*, 364 F.3d at 915.

Moreover, when evaluating a motion to dismiss a *pro se* plaintiff's complaint, the Eighth Circuit requires district courts to consider both the allegations made in a complaint and the allegations in the plaintiff's response to the motion to dismiss. *See Neudecker v. Boisclair Corp.*,

351 F.3d 361, 362 (8th Cir. 2003) (considering facts alleged by the *pro se* plaintiff "in his complaint and in response to the motion to dismiss" and citing *Anthony v. Runyon*, 76 F.3d 210 (8th Cir. 1996), for the proposition that a "district court must consider allegations made in response to [a] motion to dismiss"); *Anthony*, 76 F.3d at 214 (holding that the district court erred in not considering new allegations made in response to a motion to substitute and dismiss); *see also Pratt v. Corrs. Corp. of Am.*, 124 F. App'x 465, 466 (8th Cir. 2005) (per curiam) ("Initially, we note the district court was required to consider the allegations not only in [the plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings").

## III.    DISCUSSION

Defendants seek dismissal of the Second Amended Complaint on three grounds.  First, Defendants argue that the unnamed Col. MC ARBA Senior Medical Advisor is an improper defendant and must be dismissed. Second, Defendants argue that Plaintiff's claims seek specific corrections of military records which would necessitate monetary compensation such that the Court of Federal Claims has exclusive jurisdiction over his claims. Third, Defendants argue that Plaintiff's lawsuit is barred by the statute of limitations.

### A.  Subject Matter Jurisdiction

Defendants contend that this Court does not have subject matter jurisdiction because Plaintiff's claim is effectively one for money damages. Because subject matter jurisdiction is required for a district court to reach the merits of a claim, the Court should consider Defendants' 12(b)(1) challenge first. If the Court must dismiss the Second Amended Complaint for lack of subject matter jurisdiction, all other defenses and objections become moot. *See Krumm v. Kittrich Corp.*, No. 4:19 CV 182 CDP, 2019 WL 6876059, at *1 (E.D. Mo. Dec. 17, 2019).

Under the doctrine of sovereign immunity, the United States cannot be sued without its consent. *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). "When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction." *United States v. Mottaz,* 476 U.S. 834, 841 (1986). Whether the United States has waived sovereign immunity, as well as the scope of the waiver, is a jurisdictional question. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *Brown v. United States*, 151 F.3d 800, 803-04 (8th Cir. 1998); *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1043-44 (8th Cir. 2000).

The plaintiff has the burden of showing both a waiver of sovereign immunity and a grant of subject matter jurisdiction. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.,* 235 F.3d 1109, 1112 (8th Cir. 2000). When a plaintiff is proceeding *pro se*, courts will liberally construe the complaint for "any plausible basis upon which a waiver of sovereign immunity exists." *Hackworth v. Kansas City Veterans Admin. Med. Ctr.*, No. 6:13-CV-03363-MDH, 2015 WL 506245, at *4 (W.D. Mo. Feb. 6, 2015). Two separate waivers of sovereign immunity are at issue in this case: the Tucker Act, 28 U.S.C. § 1491, and the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706.

## The Tucker Act

The Tucker Act permits certain suits against the United States where the federal government has waived its sovereign immunity. *See V S Ltd. P'ship*, 235 F.3d at 1112. Specifically, the Tucker Act grants jurisdiction to the United States Court of Federal Claims to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a).

Under the Tucker Act, the Court of Federal Claims has exclusive jurisdiction over monetary claims of more than $10,000 against the United States. *See C.H. v. Sullivan*, 920 F.2d 483, 485 (8th Cir. 1990) ("Tucker Act jurisdiction is limited to actions for money damages; suits for equitable relief are not authorized."); *Hackworth v. Kansas City Veterans Admin. Med. Ctr.*, No. 6:13-CV-03363-MDH, 2014 WL 6685814, at *2 n.4 (W.D. Mo. Nov. 26, 2014) (explaining jurisdiction over "Big Tucker" claims) (citing 28 U.S.C. § 1491). Under the Little Tucker Act, district courts have concurrent jurisdiction with the Court of Federal Claims to consider claims for damages that do not exceed $10,000. 28 U.S.C. § 1346(a)(2).

### Administrative Procedure Act

Under the Administrative Procedure Act (APA), "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The APA waives sovereign immunity for suits against federal officers in which the plaintiff seeks nonmonetary relief but does not waive immunity as to any claims which are expressly or impliedly forbidden by any other statute that grants consent to suit. *Rodgers v. Vilsack*, No. 2:14-CV-81 NAB, 2015 WL 13650909, at *3 (E.D. Mo. May 27, 2015) (internal quotation omitted). In addition, review under the APA is available only for "final agency action *for which there is no other adequate remedy in a court.*" 5 U.S.C. § 704 (emphasis added). "This limitation has been interpreted to preclude review under the APA when a plaintiff has an adequate remedy by suit under the Tucker Act." *Randall v. United States*, 95 F.3d 339, 346 (4th Cir. 1996).

### Plaintiff's Claims

Plaintiff's Second Amended Complaint invokes judicial review of the ABCMR's decision under the APA as a basis for jurisdiction. Under the APA, district courts have the authority to

review the decisions of military review boards to determine whether they are arbitrary, capricious, not supported by substantial evidence, or contrary to law. *Chandler v. U.S. Air Force*, 255 F.3d 919, 921 (8th Cir. 2001) (citing *Chappell v. Wallace*, 462 U.S. 296, 303 (1983); *Watson v. Ark. Nat'l Guard*, 886 F.2d 1004, 1008 n. 10 (8th Cir. 1989); *Kreis v. Secretary of the Air Force*, 866 F.2d 1508, 1513-15 (D.C. Cir. 1989)).

Defendants argue that Plaintiff's claim is effectively one for money damages over $10,000, and therefore the Court of Federal Claims has exclusive jurisdiction under the Tucker Act. In determining whether a veteran's claims related to a military board decisions fall under the Tucker Act or the APA, courts often look at whether the essence of the complaint seeks injunctive relief or monetary relief. *Coleman v. Kendall*, 74 F.4th 610, 615 (4th Cir. 2023), *cert. denied,* 144 S. Ct. 818, 218 L. Ed. 2d 29 (2024).

The undersigned agrees that if Plaintiff's claim is monetary in nature, then it could form the basis of a Tucker Act claim. To the extent Plaintiff is making a monetary claim for more than $10,000, this Court lacks jurisdiction, and Plaintiff must bring his claim in the Court of Federal Claims.[4] *See, e.g., Kroupa v. United States Farm Serv. Agency*, No. 4:21-CV-04077-KES, 2022 WL 4534790, at *5 (D.S.D. Sept. 28, 2022) (dismissing claim for relief in the form of money damages under 5 U.S.C. § 702, but finding requests "for relief other than money damages" survive jurisdictional review); *Oliver v. U.S. Dep't of the Army*, No. CIV. 14-04114 FLW, 2015 WL 4561157, at *7 (D.N.J. July 28, 2015) (where plaintiff's claim was that he was "not fairly retired from the Army" and "did not receive any awards towards [his] retirement" and requested the Court

---

[4] Defendant also argues that to the extent Plaintiff would argue that his claim is for less than $10,000 and therefore falls under the Little Tucker Act such that the district court has concurrent jurisdiction over the claim, the Second Amended Complaint also fails to establish jurisdiction under the Little Tucker Act. Based on Plaintiff's explicit acknowledgment that he is no longer asking for monetary relief, his claim also does not fall under the Little Tucker Act.

have the Army Review Boards Agency "look into his case," the district court lacked jurisdiction to hear the claim to the extent it was for more than $10,000).

Defendants point out that the Second Amended Complaint still references monetary relief sought, as Plaintiff alleges Defendants "have done harm by causing years of loss [sic] benefits, confusion, and mental anguish." (*See* ECF No. 31, ¶ 48.) They argue that "merely removing a request for monetary damages from the Complaint is insufficient" and "to eliminate the issue from the case, Alexander must affirmatively *waive* such a demand." (ECF No. 42, p. 2 n.1.) In support of their argument, Defendants rely on two cases in which each plaintiff filed an affidavit waiving the demand for monetary relief. *See Chandler v. U.S. Air Force*, 255 F.3d 919, 921 (8th Cir. 2001) ("Because Major Chandler has waived any request for monetary damages in excess of $10,000, we perceive no impediment to the District Court's jurisdiction."); *Coleman v. Kendall*, 74 F.4th 610, 616 (4th Cir. 2023), *cert. denied,* 144 S. Ct. 818, 218 L. Ed. 2d 29 (2024) ("Based on Coleman's waiver, the district court properly concluded it had jurisdiction over Coleman's claims."). However, neither case holds that a waiver is mandatory for the court to have jurisdiction. *See Coleman,* 74 F.4th at 616 ("[W]e need not reach the question of whether, absent his waiver, the essence of his claim seeks injunctive relief.").

Defendants also rely on *Ganiszewski v. Austin,* a case Defendants call "nearly identical" to Plaintiff's claims here. (ECF No. 35, p. 9.) There, the plaintiff filed suit alleging the Physical Disability Board of Review's decision upholding the assignment of a 10% disability rating upon his discharge from the Navy violated the APA, and he sought relief including an order that the Secretary's decision was arbitrary and capricious, and an order commanding that "Plaintiff's military records [] reflect the correct disability rating of at least 30% for his unfitting Bipolar Disorder." 2024 WL 4227759, at *2-3 (D. Md. Sept. 17, 2024). The district court found that his

detailed request for remand with explicit conditions (ordering the Navy to change his disability rating to at least 30%, the "magic number" that will result in a disability retirement with monthly payments for life), reveals the essence of his claim is for money damages in the form of retirement pay, and jurisdiction of the Federal Claims Court cannot be avoided by framing an essentially monetary claim in injunctive relief or declaratory terms. *Id.* at *9. Importantly, the *Ganiszewski* court noted "[i]t also cannot be ignored" that the plaintiff, who was represented by counsel, "chose not to modify his demand to clarify that the relief he seeks is purely equitable." *Id.* at *10 ("Indeed, despite the roadmap provided in *Coleman*, Plaintiff opted not to file an affidavit, or formally seek leave to amend his complaint, to clarify that he does not seek retirement pay.").

Here, unlike *Ganiszewski*, Plaintiff formally sought leave to amend his complaint. Plaintiff's Second Amended Complaint explicitly states that he "is no longer asking for disability separation back pay, disability severance pay, and medical retirement." (ECF No. 31 ¶¶ 50-52.) Through his amendments to the original Complaint, Plaintiff clearly attempts to avoid a claim for monetary relief, and he explicitly seeks judicial review of the ABCMR's decision. (*Id.* ¶ 60.) Because review of an administrative decision is properly brought under the APA, the Court finds that this claim will not be dismissed to the extent it is a request for review under the APA.

Plaintiff's Second Amended Complaint also requests specific changes to his medical separation exam record, his DD-214, and "a fair disability rating." (*Id.* ¶¶ 52-53.) He also asks the Court to present an order to the Secretary of the Army and the Surgeon General of the Army "to review and verify" that his separation exam was falsified and that his symptomatic hernias were not evaluated by the Medical Evaluation Board, and to review and grant reversal of the ABCMR's 2021 denial. (*Id.* ¶¶ 55-56, 60.)

13

To be clear, the Eighth Circuit has found that the jurisdiction to review the decisions of a Board for Correction of Military Records does not also give the court jurisdiction to enter judgment against the United States for any amount of back pay.[5] *See Chandler v. U.S. Air Force*, 272 F.3d 527, 530 (8th Cir. 2001). To the extent Plaintiff asks the Court to order Defendants to correct Plaintiff's records, or to order a higher disability rating, such relief is not available to Plaintiff and will not be granted by this Court. When reviewing a military corrections board's decision under the Administrative Procedures Act, the review "is limited to whether the decisionmaking process was deficient rather than whether the decision is correct." *Johnson v. Dep't of Def.*, No. 4:14CV00471 JLH, 2015 WL 2098840, at *3 (E.D. Ark. May 5, 2015) (explaining the deferential nature of judicial review of a military agency's ruling); *see also Chandler v. U.S. Air Force*, 255 F.3d 919, 921 (8th Cir. 2001) (finding that although the district court had the authority to review the decision of the Air Force Board for Correction of Military Records, it could not grant plaintiff the promotion in rank he sought in his complaint); *Ganiszewski*, 2024 WL 4227759, at *9 ("At best, ordering a particular [disability] rating likely falls beyond the Court's authority.") (citing *Huffman v. Kelly,* 239 F.Supp.3d 144, 156 (D.D.C. 2017)).

Therefore, to the extent that Plaintiff's claim arises under the APA, his claim will not be dismissed for lack of subject matter jurisdiction.

---

[5] In *Chandler,* the plaintiff's principal prayer of relief was that he be made a Lieutenant Colonel of the Air Force, and he reduced his monetary relief claim to $10,000 in an attempt to bring the case within the district court's jurisdiction pursuant to the Little Tucker Act. *Id.* at 528-529. In clarifying that the Eighth Circuit has no jurisdiction to order plaintiff's promotion or enter an award of back pay, the Court explained:

> If the courts ultimately decide, after proceedings on remand, that the Board's decision should be set aside because it was contrary to law, an abuse of discretion, or arbitrary and capricious, the case would be remanded to the Board for further consideration. If the Board should then decide in Major Chandler's favor that his records should be corrected, the Board would have power, in its discretion, to make a monetary award to the plaintiff. Such an award, however, would not be the consequence of, nor would it be authorized by, the Little Tucker Act. It would, instead, be a discretionary decision by the Air Force to grant monetary relief under 10 U.S.C. § 1552.

*Chandler*, 272 F.3d at 530.

## B. Statute of Limitations

Defendants also argue that regardless of whether Plaintiff's claim falls under the Tucker Act or the APA, Plaintiff's claim is still barred because the statute of limitations has run.

The statute of limitations for a Tucker Act claim is six years after the claim first accrues. 28 U.S.C. § 2501 ("Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."). A Tucker Act claim accrues "as soon as all events have occurred that are necessary to enable the plaintiff to bring suit, *i.e.,* when 'all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue here for his money.'" *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (internal quotation omitted).

The statute of limitations for an APA claim is "six years after the right of action first accrues." 28 U.S.C. § 2401(a). An APA claim does not accrue "until the plaintiff is injured by final agency action." *Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 603 U.S. 799, 825 (2024).

The APA's six-year statute of limitations is the applicable statute for Plaintiff's claim. The more difficult question for the Court is when the six-year statute of limitations accrues in the context of a military correction board's decision. As Defendants acknowledge, there is a split in authority as to whether a request for reconsideration of a board's decision tolls the statute of limitations or triggers it anew.

While the Eighth Circuit has not reached this issue, it has declined to review a request for reconsideration where the ABCMR's initial denial took place more than twenty years before the plaintiff asked the ABCMR to reconsider the decision. In *Ballenger v. Marsh,* Ballenger was dishonorably discharged in 1923 following his conviction by an Army Court Martial. 708 F.2d 349, 349 (8th Cir. 1983). In 1959, Ballenger asked the ABCMR to change his dishonorable

discharge to an honorable discharge, the ABCMR reviewed the petition on the merits, and denied it. In 1981, Ballenger applied to the ABCMR to correct his records again, this time on slightly different grounds. The ABCMR denied the second request, finding Ballenger failed to show material error or prejudice. The Eighth Circuit found that Ballenger's claim based on the 1959 application had expired, and the 1981 application was not a judicially reviewable decision because it was not a review on the merits. The Eighth Circuit explained that the 1981 denial was "a cursory consideration of his records" rather than a full consideration of his claims, the Court was not convinced that the 1981 application raised substantially different claims than the 1959 application, and the Board's decision on the 1981 application was not "an appropriate decision for review by a federal court." *Id.* at 351. The Eighth Circuit noted that "[w]hile we do not reach the statute of limitations question, we note that it has troubled other courts. The most lenient view is that § 2401(a) requires that a suit for review be filed within six years of the final decision by the military board of review." *Id.* at 351 n.4 (collecting cases).

The Seventh Circuit has held that the statute of limitations begins to run at the time of the Board's original decision, and that additional requests for reconsideration do not toll the statute. *Soble v. Amy Bd. for Corr. of Military Records*, 151 F.3d 1033 (7th Cir. 1998). There, Soble's initial application to the ABCMR was denied in 1977. He filed three requests for reconsideration in 1978, 1981, and 1994, respectively, and the ABCMR denied each request because Soble submitted no relevant, previously unavailable evidence. The Court found that the claim of ABCMR error accrued at the time of the Board's original denial in 1977. (*Id.*)

The Sixth Circuit has held that late-filed requests for reconsideration do not toll the accrual date; however, a request for reconsideration submitted within one year after the Board decision could toll the accrual date. *Davis v. United States*, 589 F.3d 861, 865 (6th Cir. 2009) (citing 32

16

C.F.R. § 581.3(g)(4)(i)-(ii) (relying on the regulations governing the ABCMR, which only provided a one-year window to petition the Board for reconsideration).

Other courts have adopted more lenient approaches. For example, the District Court for the District of Columbia held that the statute of limitations may be tolled in instances where a plaintiff applies for reconsideration to the Board within six years of the original adverse ruling. *See Nihiser v. White*, 211 F. Supp. 2d 125, 129 (D.D.C. July 16, 2002) (holding, without reference to military review board regulations, that the period for filing suit remains tolled if a plaintiff applies to the Board for reconsideration within the six-year statute of limitations set forth in § 2401(a), but that if the plaintiff does not file her application within that period, the statute of limitations begins on the date of the original denial). The Third Circuit has held that a request for reconsideration could toll the statute of limitations only if the veteran claimed that new facts were the basis for the request. *Green v. White*, 319 F.3d 560, 566 (3d Cir. 2003) ("any petition for rehearing to the [Army Board] which does not include 'new evidence' or reflect some 'changed circumstances' does not re-start the six-year statute of limitations."). Lastly, framing the issue as one of first impression in the Ninth Circuit, the District Court for the District of Hawaii held that the statute of limitations does not accrue until the date of the correction board's last decision. *Smalls v. United States*, 87 F. Supp. 2d 1055, 1059 (D. Haw. 2000).

Here, Defendants urge the Court to adopt what they refer to as "the *Soble/Ballenger* approach," arguing the claim accrued when the ABCMR denied the first petition in 2015 because at that time, Plaintiff had exhausted his administrative remedies and had the right to file suit and obtain relief. (ECF No. 42, p. 6.) Defendants argue, therefore, that the statute of limitations expired six years later, on June 11, 2021.

The undersigned is not persuaded by Defendants' argument for two reasons. First, with respect to the *Ballenger* opinion, as Defendants acknowledge, the Eighth Circuit did not reach the issue of when the statute of limitations accrues and how it is impacted by the exhaustion of administrative remedies; rather, it determined that the ABCMR's second denial was not a merits review and therefore was not reviewable by a federal court. *See Ballenger,* 708 F.2d at 351. Second, in both *Ballenger* and *Soble*, in declining to review the ABCMR's denial of subsequent applications and reconsideration requests, the courts relied in part on the fact that the plaintiffs did not present new evidence or a new basis for the request to reconsider. *See Ballenger,* 708 F.2d at 351 ("we are not convinced that Ballenger's 1981 petition raised claims substantially different from his 1959 petition."); *Soble,* 151 F.3d at 1033 ("Soble submitted no relevant, previously unavailable evidence").[6]

Here, the timing of and circumstances surrounding Plaintiff's subsequent requests or applications to the ABCMR are unclear, and the administrative record has not been filed. Pursuant to the Second Amended Complaint, it appears that the ABCMR denied Plaintiff's initial application on June 11, 2015, and denied another application on March 12, 2019, and possibly denied a third application in 2022 or 2023. (ECF No. 31, ¶¶ 30, 42, 47.) In Plaintiff's opposition brief, he states there were three denials, June 11, 2015; March 12, 2019; and April 27, 2021 (ECF

---

[6] Courts within the Seventh Circuit have also declined to apply *Soble* to cases where the military board considered new evidence. For example, in 2013, a district court in the Northern District of Illinois found that the *Soble* opinion was not precedent because it was an unpublished order. *Bienias v. Donley*, No. 12 C 6226, 2013 WL 12618435, at *3 (N.D. Ill. July 2, 2013). The district court relied on the Third Circuit's approach in *Green*, and decided that because the Board considered new evidence in response to a request for reconsideration (unlike the Board in *Soble*), the cause of action accrued on the date the Board denied his most recent request for reconsideration. *Bienias v. Donley*, No. 12 C 6226, 2014 WL 4922010, at *4 (N.D. Ill. Sept. 30, 2014); *see also McConnell v. Army Rev. Boards Agency*, 738 F. Supp. 3d 992, 1008 (N.D. Ill. 2024) (where the plaintiff argued the facts of the case line up with *Bienas* and Defendant argued *Soble* applies, the district court found "Plaintiff … has the better argument" where the ABCMR's denial of the request to reconsider acknowledged new evidence; and therefore, the reconsideration decision was the final decision with which the plaintiff's APA right of action accrued.)

No. 38, p. 6), and the ABCMR did not mail the third denial to Plaintiff until April 20, 2022 (*Id.* at 3).

Additionally, although the ABCMR denied the second application in March 2019, Plaintiff states that in May 2019, the Deputy Assistant Secretary of the Army found sufficient evidence to grant partial relief. Therefore, despite the ABCMR's denial, the narrative reason for discharge on Plaintiff's DD-214 was changed from "Unsuitability-Apathy, defective attitude or inability to expend constructively" to "Secretarial Authority." (*Id.* ¶ 43.)

The Second Amended Complaint does not address the ABCMR's basis for the denials, whether the denials were after consideration of evidence not previously considered, or whether the decisions were made following a review on the merits.[7] Additionally, no party addresses whether the 2019 grant of partial relief affects the accrual of the statute of limitations. If the ABCMR's 2019 and/or 2021 decisions constituted a final agency action or otherwise tolled the limitation period for review of the 2015 denial, Plaintiff's claim for review of those decisions may be timely. *See, e.g., Hill v. Mabus*, No. CIV. 12-450 DWF/SER, 2014 WL 905164, at *9 (D. Minn. Mar. 7, 2014) (where the plaintiff's original petition to the BCNR and first four requests for reconsideration were statutorily barred pursuant to 28 U.S.C. § 2401, his fifth request for reconsideration was "well within the six-year time period" and ripe for judicial review).

At this motion to dismiss stage, the Court must construe all inferences in favor of Plaintiff. The partial grant of relief in 2019 suggests that the ABCMR likely conducted a merits review of

---

[7] Defendants attach Plaintiff's 2014 application to the ABCMR to their opening brief, but fail to provide the "see attached documents" referenced on the form regarding discovery of the alleged error or injustice and why the board should find it in the interest of justice to consider the application. (Exh A, ECF No. 35-1.) Similarly, Defendants attach the ABCMR's denial letter dated June 11, 2015 to their opening brief, but fail to provide the enclosure to the letter, "[a] copy of the Board's Record of Proceedings" that "explains the Board's reasoning for denying [Plaintiff's] application." (Exh B, ECF No. 35-2.) Plaintiff attaches the ABCMR's letter dated April 20, 2022, stating Plaintiff's April 27, 2021 request for reconsideration has been denied, but fails to provide the enclosure to the letter, "[a] copy of the Board's Record of Proceedings" that "explains the Board's reasons for denying [Plaintiff's] request." (Exh 2, ECF No. 38-1.)

the 2015 decision, and Defendants determined there was a basis to amend Plaintiff's DD-214. Under these circumstances, the undersigned does not have sufficient information to determine when the statute of limitations accrued and will deny the motion to dismiss on a statute of limitations basis. Defendants may re-raise a statute of limitations argument and any other grounds for dismissal in a motion for summary judgment.

### C.  Unnamed Col MC ARBA Senior Medical Advisor is an Improper Defendant

Defendants argue that the unnamed MC ARBA (Army Review Boards Agency) Senior Medical Advisor should be dismissed from the case as an improper defendant because Plaintiff already named the ABCMR, a division of the Department of the Army. Defendants also contend that the Second Amended Complaint allegations related to the Senior Medical Advisor merely criticize the manner in which the Senior Medical Advisor issued his or her 2018 opinion. *See, e.g.,* ECF No. 31 ¶ 31 ("Defendant No. 2. [Col MC ARBA Senior Medical Advisor] stated the Plaintiff's separation exam was unremarkable"); ¶ 32 ("Defendant No. 2 didn't know what a 'rupture' was"); ¶ 33 ("Defendant No. 2 omitted my physical profiles in its report"); ¶ 34 ("Defendant No. 2 did not consider the diagnoses of three hernias"). Defendants argue that, at most, Plaintiff states a tort claim against the Medical Advisor, which would be barred under the Federal Tort Claims Act by the two-year statute of limitations.[8] The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1); *Mader v. United States*, 654 F.3d 794, 798 (8th Cir. 2011) (quoting 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to

---

[8] Even if Plaintiff could state a claim under the FTCA, the Senior Medical Advisor would still be dismissed as a party, because "The FTCA, as a waiver of sovereign immunity, mandates that the United States, not any government employee or agency[,] is the only proper defendant in an FTCA lawsuit.'" *Perry-Bey v. United States Dep't of Def.*, No. 2:21CV268, 2023 WL 10450438, at *13 (E.D. Va. Mar. 16, 2023) (dismissing the plaintiff's FTCA claim for lack of jurisdiction because the claim was not asserted against the United States), *reconsideration denied,* No. 2:21CV268, 2024 WL 1208294 (E.D. Va. Jan. 19, 2024), *appeal dismissed sub nom. Perry-Bey v. Austin*, No. 24-1234, 2024 WL 5473243 (4th Cir. Oct. 4, 2024), and *appeal dismissed sub nom. Perry-Bey v. Austin*, No. 24-1234, 2024 WL 5473243 (4th Cir. Oct. 4, 2024).

the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing… of notice of the final denial of the claim by the agency to which it was presented.").

Plaintiff's argument on this issue is lacking. In his opposition brief, he makes sweeping statements regarding the ABCMR and the Senior Medical Advisor being "arbitrary and capricious," suggesting he wishes to maintain his APA claim against both Defendants. He generally argues that the Senior Medical Advisor (and the ABCMR) abused their own rules and regulations, but also that the ABCMR denied his application without having a Medical Advisor, which is "a crucial role to evaluate the medical records and medical actions to determine accuracy of diagnoses, treatments, etc. and relay this advice to the various boards under ARBA to help them make informed decisions on cases involving medical issues." (ECF No. 38, at 2.) He states the Senior Medical Advisor looked at the ABCMR's June 11, 2015 Record of Proceedings decision, but also that in addressing his 2014 application, "the ABCMR neglected to ask for a medical advisor opinion." (*Id.* at 5.) Plaintiff further contends that the Senior Medical Advisor was asked to give the ABCMR a medical opinion and issued a Medical Advisory Opinion dated November 8, 2018, "question [sic] all evidence regarding the Plaintiff's three hernias, and failed in his or her job duty to consider this medical evidence." *Id.* He later states that "[i]n 2018, the Senior Medical Advisor claimed that she or he did not have Plaintiff's medical and also said when medical records come available, he or she would amend decision if indicated." *Id.* at 6.

Plaintiff's Second Amended Complaint is not the model of a clear legal pleading, which is often the case when a plaintiff proceeds *pro se.* As discussed above, the Court construes Plaintiff's Second Amended Complaint to bring a claim for judicial review of an agency decision pursuant to the APA. Plaintiff has not given the Court a reason to maintain his APA claim against the unnamed

Col MC ARBA Senior Medical Advisor, and this defendant will be dismissed. *See, e.g., Hanson v. Wyatt*, 552 F.3d 1148, 1155 (10th Cir. 2008) ("[Plaintiff's] complaint actually seeks 'a declaration that the ABCMR's decision denying relief to Hanson was arbitrary, capricious, clearly erroneous and not in accordance with law"; but review of an ABCMR decision under the APA should proceed as a suit against the Secretary of the Army."); *Brezler v. Mills*, 220 F. Supp. 3d 303, 306 (E.D.N.Y. 2016) (dismissing the defendant Lieutenant General and the United States Marine Corps as defendants because the final agency action at issue was the November 2015 endorsement by the Assistant Secretary of the Navy—acting on behalf of the Secretary of the Navy).

## IV.    CONCLUSION

For the reasons set forth above, Defendants' motion is granted in part and denied in part. Plaintiff's claims against Defendant MC ARBA Senior Medical Advisor are dismissed. Plaintiff's claims against Defendant ABCMR are dismissed to the extent that they are premised upon the Tucker Act. However, Plaintiff's claims survive dismissal to the extent they seek APA review of the ABCMR's decision.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's Second Amended  Complaint is **GRANTED in part** and **DENIED in part**, as detailed above. [ECF No. 34.]

**IT IS FURTHER ORDERED** that all claims against Defendant Col MC ARBA Senior Medical Advisor are **DISMISSED**.

A separate Order regarding scheduling will follow.

Dated this 30th day of September, 2025.

RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE